UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT JAMES SWINT,

                    Plaintiff,

        v.

SAMUEL B. ROBERTS, et al.,

                    Defendant.

CASE NO. 3:21-CV-5283-BHS

REPORT AND RECOMMENDATION

Noting Date: June 4, 2021

        Plaintiff Robert James Swint, proceeding *pro se*, initiated this action on April 14, 2021. *See* Dkt. 1. The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

        Having reviewed Plaintiff's Application to Proceed IFP and screened the Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court recommends Plaintiff's Application to Proceed IFP be denied and this case be dismissed.

1    **I.      Background**

2         On April 14, 2021, Plaintiff filed the Proposed Complaint naming Samuel B. Roberts,

3    Bush Boake Allen, International Paper, the United States of America, and the Washington

4    Department of Corrections as Defendants. On May 7, 2021, Plaintiff filed the Application to

5    Proceed IFP. Dkt. 3.

6    **II.     Discussion**

7         The district court may permit indigent litigants to proceed IFP upon completion of a

8    proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in*

9    *forma pauperis* . . . in civil actions for damages should be allowed only in exceptional

10    circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad

11    discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir.

12    1963), *cert. denied* 375 U.S. 845 (1963).

13         Notwithstanding IFP status, the Court must subject each civil action commenced pursuant

14    to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case

15    that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

16    monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

17    *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

18    1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

19    2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

20    *sponte* dismiss an IFP complaint that fails to state a claim).

21         Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court

22    will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible

23    claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal

24

1  without leave to amend is improper unless it is clear, upon de novo review, that the complaint

2  could not be saved by any amendment.").

3        Here, Plaintiff's Proposed Complaint is incoherent. *See* Dkt. 1-1. For example, Plaintiff

4  mentions an attack on the U.S.S. Samuel B. Roberts in 1988, Covid-19, and the royal wedding.

5  *Id*. Plaintiff does not identify any claims he is alleging against Defendants. Therefore, the Court

6  finds the Proposed Complaint fails to state a claim upon which relief can be granted and is

7  frivolous.

8        The Court further finds the Proposed Complaint fails to contain factual allegations that

9  could plausibly give rise to a claim and, thus, the undersigned finds dismissal without leave to

10  amend is appropriate in this case.

11  **III.    Conclusion**

12        For the above stated reasons, the Court recommends Plaintiff's Application to Proceed

13  IFP (Dkt. 3) be denied and this case be dismissed.

14        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

15  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

16  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

17  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

18  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June

19  4, 2021, as noted in the caption.

20        Dated this 14th day of May, 2021.

21

22

David W. Christel

23  United States Magistrate Judge

24